ATTORNEY FOR THE RESPONDENT
Ronald E. Elberger
Indianapolis, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Dennis K. McKinney, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 10S00-1401-DI-55

IN THE MATTER OF:

KARL N. TRUMAN,

*Respondent.*



Attorney Discipline Action

**April 29, 2014**

**Per Curiam.**

We find that Respondent, Karl N. Truman, engaged in attorney misconduct by making an employment agreement that restricted the rights of a lawyer to practice after termination of the employment relationship. For this misconduct, we conclude that Respondent should receive a public reprimand.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. The Respondent's 1987 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4. The Court approves the agreement and proposed discipline.

## Background

In October 2006, Respondent hired an associate ("Associate") to work in his law firm. As a condition of employment, Associate signed a Confidentiality/Non-Disclosure/Separation Agreement ("the Separation Agreement"). If Associate left the firm, the Separation Agreement provided that only Respondent could notify clients that Associate was leaving, prohibited Associate from soliciting and notifying clients that he was leaving, and prohibited Associate from soliciting and contacting clients after he left. The Separation Agreement also included provisions for dividing fees if Associate left the firm that were structured to create a strong financial disincentive to prevent Associate from continuing to represent clients he had represented while employed by the firm.

In October 2012, Associate informed Respondent that he was leaving the firm. At the time, Associate had substantial responsibility in representing more than a dozen clients ("Associate's Clients"). Respondent insisted on enforcing the terms of the Separation Agreement regarding these clients. Respondent sent notices to Associate's Clients announcing Associate's departure. Not all of the notices explained that these clients could continue to be represented by Associate if they so chose, and the notices did not provide clients with Associate's contact information. The Separation Agreement provided that Respondent would provide Associate's Clients with his contact information only if they requested it, and Respondent provided the information to any such clients who specifically requested it.

Despite the provisions of the Separation Agreement, Associate sent out notices to Associate's Clients that explained that the client could choose to be represented by Respondent or by Associate, and that included Associate's contact information. In response, Respondent filed a complaint against Associate seeking to enforce the Separation Agreement. A settlement was reached through mediation.

Immediately after the Commission began its investigation in this matter, Respondent discontinued his use of the Separation Agreement, and he has not enforced any similar provisions against any other former associates.

The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation.[1]

5.6(a): Making an employment agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent has cooperated with the Commission's investigation and prosecution of this matter.

**Discussion**

Indiana Professional Conduct Rule 5.6(a) is for the protection of both lawyers and clients. Comment [1] to this rule states: "An agreement restricting the right of lawyers to practice after leaving a firm not only limits their professional autonomy but also limits the freedom of clients to choose a lawyer." The Separation Agreement hampered both Associate's right to practice law and Associate's Clients' freedom to choose a lawyer by restricting Associate's ability to communicate with the clients and creating an unwarranted financial disincentive for Associate to continue representing them.

The Ohio Supreme Court recently addressed a similar situation. In that case, an attorney's employment agreement with his associates restrained them from taking clients with them when the associates left the attorney's firm by requiring a departing associate to remit to the attorney 95% of the fees generated in a case involving a former firm client, regardless of the proportion of the work that the attorney and the associate performed on the client's case. The Ohio Supreme Court found that the attorney violated Ohio's Professional Conduct Rules 5.6 and 1.5 (prohibiting excess fees) and approved an agreed public reprimand. *See* <u>Cincinnati Bar Assn. v. Hackett</u>, 950

---

[1] Rule 1.4(b) is aimed primarily at giving a client "sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued . . .." *See* Comment [5]. Without addressing the exact parameters of this rule, the Court accepts the parties' stipulation that Respondent violated this rule for the purposes of resolving this case.

N.E.2d 969 (Ohio 2011). A client's "absolute right to discharge an attorney or law firm at any time, with or without cause, subject to the obligation to compensate the attorney or firm for services rendered prior to the discharge[,] . . . would be hollow if the discharged attorney could prevent other attorneys from assuming the client's representation." Id. at 970 (internal quotation and citation omitted).

In the current case, Respondent and the Commission propose that Respondent receive a public reprimand for his admitted misconduct. Concluding that this is appropriate discipline under the circumstances, the Court approves the proposed discipline.

### Conclusion

The Court concludes that Respondent violated Indiana Professional Conduct Rule 5.6(a) by making an employment agreement that restricted the rights of a lawyer to practice after termination of the employment relationship. For Respondent's professional misconduct, the Court imposes a public reprimand.

The costs of this proceeding are assessed against Respondent.

The Clerk of this Court is directed to give notice of this opinion to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this opinion to the Court's website, and Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur.

4