**In the Matter of J. Frank HANLEY II, Respondent.**

**No. 49S00–1410–DI–616.**

Supreme Court of Indiana.

Nov. 6, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 2006, Respondent hired an attorney ("Associate") to work in his law office pursuant to an employment agreement. Respondent's law practice focuses primarily on Social Security disability law. The employment agreement included a noncompete provision that prohibited Associate from practicing Social Security disability law for two years in the event his employment with Respondent was terminated.

In 2013, Respondent fired Associate. Thereafter, Respondent sent letters to Associate's clients advising that Associate no longer worked at the firm and that Respondent would be taking over their representation, and in those letters Respondent included Appointment of Representative forms for the clients to complete in order for Respondent to replace Associate as the clients' representative before the Social Security Administration.

Despite the foregoing, Associate continued to practice Social Security disability law after leaving the firm, and at least two of Associate's existing clients chose to keep Associate as their lawyer. Respondent did not attempt to enforce the noncompete provision and, after the disciplinary grievances were filed against him, Respondent provided Associate with the files for Associate's clients.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation.

5.6(a): Making an employment agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. *See Matter of Truman,* 7 N.E.3d 260 (Ind. 2014). The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.